UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOE McDONALD,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. PHATAL,<br><br>        Defendant. | Case No.: 1:20-cv-01003-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 1] |

Plaintiff Billy Joe McDonald is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on July 21, 2020. On August 10, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis*.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

///

1    Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741. From the face of
2    Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the
3    case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure
4    to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under
5    Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to
6    nonexhaustion is a valid ground for dismissal....") (overruled on other grounds by Albino, 747 F.3d at
7    1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to
8    state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to
9    state a claim under Federal Rule of Civil Procedure 12(b)(6).' ") (quoting Wilhelm v. Rotman, 680
10   F.3d 1113, 1121 (9th Cir. 2012)).

11   It appears on the face of Plaintiff's Complaint that she has not exhausted her administrative
12   remedies pursuant to the Prison Litigation Reform Act, 41 U.S.C. § 1997 (e)(a), before filing this
13   lawsuit.  Plaintiff indicates in the complaint that he did not complete the process to exhaust his
14   administrative remedies. (ECF No. 1 at 2.) Plaintiff has answered "no" to the question "Is the process
15   completed?" (Id.) Plaintiff also states on page 2 of the complaint that "The are [sic] still choosen [sic]
16   the best thing to help me and the other party."  (Id.)  Thus, it appears on the face of the complaint that
17   Plaintiff failed to exhaust his administrative remedies before filing suit.  Accordingly, Plaintiff shall be
18   required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust
19   remedies prior to filing suit.

### III.
### ORDER

22   Based on the foregoing, it is HEREBY ORDERED that:
23   1.    Plaintiff shall show cause in writing within thirty (30) days of the date of service of this
24   order as to why this case should not be dismissed for Plaintiff's failure to exhaust administrative
25   remedies before filing suit; and
26   ///
27   ///
28   2.    The failure to respond to this order will result in a recommendation to a district judge to

3

dismiss the case, without prejudice.

IT IS SO ORDERED.

Dated:     **August 10, 2020**

UNITED STATES MAGISTRATE JUDGE