UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOE McDONALD,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. PHATAL,<br><br>    Defendant. | Case No.: 1:20-cv-01003-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A FRESNO DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 9, 10) |

Plaintiff Billy Joe McDonald is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 10, 2020, the Court issued an order for Plaintiff to show cause why the action should not be dismissed, without prejudice, for failure to exhaust the administrative remedies. (ECF No. 9.)

On September 8, 2020, Plaintiff filed a response to the order to show cause. (ECF No. 10.) Plaintiff's response to the order to show cause does not address the issue of whether he has exhausted the administrative remedies, but rather argues the merits of his case and presents several medical documents. (Id.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

1  in any jail, prison, or other correctional facility until such administrative remedies as are available are
2  exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative
3  remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d
4  1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner
5  and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and
6  the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516,
7  532 (2002).

8       The purposes of the PLRA are to allow a correctional institution to address complaints about
9  the programs administered before being subjected to suit, to reduce the litigation to the extent that
10 complaints are satisfactorily resolved, and to improve the litigation that does occur by leading to
11 preparation of a useful record. Jones v. Bock, 549 U.S. at 219; Woodford v. Ngo, 548 U.S. 81, 89
12 (2006).  In Booth, the Supreme Court discussed that even in cases where a prisoner-plaintiff only
13 seeks relief which an administrative process cannot grant, sometimes being heard through the
14 administrative process can bring about changes to policies and practices, or "mollify passions even
15 when nothing ends up in the pocket," filtering out some claims and fostering better-prepared litigation
16 if a dispute ends up in court.  Booth v. Churner, 532 U.S. at 737.

17      If from the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely
18 and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014)
19 (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for
20 failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)
21 ("A prisoner's concession to nonexhaustion is a valid ground for dismissal....") (overruled on other
22 grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
23 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard
24 applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).' ")
25 (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).
26 ///
27 ///
28 ///

Because Plaintiff has not addressed the issue of whether he exhausted the administrative remedies, the Court defaults to the face of the complaint which affirmatively demonstrates that Plaintiff has not exhausted through the final level of review.  (Compl. at 2; see also ECF No. 9 at 3.) Accordingly, dismissal of the action, without prejudice, is warranted.  Plaintiff is advised that the dismissal, without prejudice, means that he can refile the action after he has exhausted the available administrative remedies.

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 10, 2020**

UNITED STATES MAGISTRATE JUDGE